# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTYANNA POHLMANN,<br><br>          Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No.: 16cv700-MMA (KSC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S COUNSEL'S REQUEST FOR REPRESENTATIVE FEES**<br><br>[Doc. No. 29] |

On March 23, 2016, Plaintiff Christyanna Pohlmann filed this social security appeal challenging the denial of her application for disability insurance benefits. After consideration of the administrative record and applicable law, the Court remanded the matter to the Social Security Administration for further consideration, investigation, and development of the record. *See* Doc. No. 23. Upon remand, Plaintiff was found disabled and awarded past-due benefits. Plaintiff's counsel now seeks representative fees pursuant to Title II of the Social Security Act, 42 U.S.C. § 406(b). *See* Doc. No. 29. Plaintiff has not responded to counsel's request and the Social Security Administration Commissioner does not take a position on the reasonableness of the requested amount. *See* Doc. No. 32. For the reasons set forth below, the Court **GRANTS IN PART** counsel's request for fees.

1

## DISCUSSION

On February 23, 2016, Plaintiff entered into a Social Security Representation Agreement with the Law Offices of Lawrence D. Rohlfing. Plaintiff agreed to pay counsel 25 percent of any award for past-due benefits, upon reversal of an unfavorable Administrative Law Judge ("ALJ") decision, based upon work performed before this Court. Pl. Ex. 1. This accords with Section 406(b), which allows a claimant's attorney to charge a contingent fee if it does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [the favorable] judgment."[1] 42 U.S.C. § 406(b)(1)(A).

After this Court's reversal and remand, an ALJ found Plaintiff disabled as of May 1, 2013, entitling Plaintiff to an award of past-due benefits. *See* Pl. Ex. 2. On December 11, 2018, the Social Security Administration notified Plaintiff's counsel that it had withheld 25 percent of Plaintiff's award for payment of representative fees, in an amount totaling $20,615.50. *See* Pl. Ex. 1 to Notice of Errata. In accordance with Section 406(b) and the representation agreement, Plaintiff's counsel presently seeks payment of $20,000.00, to be disbursed from the past-due benefits recovered.

### 1. Legal Standard

"Under 42 U.S.C. § 406(b), a court entering judgment in favor of [a social security] claimant who was represented by an attorney 'may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.'" *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (quoting § 406(b)(1)(A)). "Within the 25 percent boundary, . . . the attorney for the successful

---

[1] The Supreme Court recently held that the 25 percent cap in Section 406(b)(1)(A) "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)." *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019); *accord Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (holding that 25% cap under Section 406(b) applies only to fees awarded for representation before the district court and does not limit the total fees that may be recovered under §§ 406(a) and (b)).

claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The lodestar calculation does not apply to determine reasonableness of fees under Section 406(b). *See Gisbrecht*, 535 U.S. at 802 (explaining that the lodestar method is applicable to "disputes over the amount of fees properly shifted to the loser in the litigation" whereas "Section 406(b) is of another genre: [i]t authorizes fees payable from the successful party's recovery"). While there is not a definitive list of factors, courts should consider "the character of the representation and the results the representative achieved." *Id.* at 808. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151.

### 2. Analysis

As noted above, counsel seeks $20,000.00 in representative fees. This constitutes 24.25 percent of the $82,462.00 award of past-due benefits to Plaintiff and falls within the 25 percent statutory limit. However, even when a requested fee is within the prescribed limit, the attorney for the successful claimant must also show that "the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. In assessing the reasonableness of a requested fee, the Court considers whether "the benefits are large in comparison to the amount of time counsel spent on the case," in which case "a downward adjustment" may be in order. *Id*. at 808.

Plaintiff's counsel expended a total of 28.9 hours on this appeal, comprised of 4.7 hours of work performed by two paralegals and 24.2 hours of work performed by counsel. While the work resulted in a favorable decision on remand and a significant award of past-due benefits, the Court finds that a reduction of the fee request is warranted based on a reasonableness analysis.

Counsel seeks an effective rate of $692 per hour for 24.2 hours of work. While at the higher end of the spectrum, this rate is within the range of rates awarded by courts. *See Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *see e.g.*, *Likens v. Colvin*, No. 11CV0407-LAB (BGS), 2014 WL 6810657, at *2 (S.D. Cal. Dec. 2, 2014) (effective hourly rate of $666.68 per hour); *Nash v. Colvin*, No. 12CV2781-GPC (RBB), 2014 WL 5801353, at *2 (S.D. Cal. Nov. 7, 2014) (effective hourly rate of $656 per hour); *Sproul v. Astrue*, No. 11CV1000-IEG (DHB), 2013 WL 394053, at *2 (S.D. Cal. Jan. 30 2013) (effective hourly rate of $800 per hour); *Richardson v. Colvin*, No. 15-cv-1456-MMA (BLM), 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (effective hourly rate of $770 per hour). Counsel's efforts on behalf of Plaintiff were successful, and counsel should not be penalized for handling this appeal efficiently. As such, the Court finds that an effective hourly rate of $692 for the work performed by counsel is reasonable under the circumstances. This results in fees totaling $16746.40. Counsel also seeks an effective hourly rate of $694 for 4.7 hours of paralegal service, which the Court finds unreasonable. Counsel's billing statement reflects a usual rate of $125 per hour for work performed by paralegals. The Court finds this rate reasonable and reduces the fee request accordingly. This results in fees totaling $587.50, for a combined total fee amount of $17333.90.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Plaintiff's counsel's request for representative fees pursuant to 42 U.S.C. § 406(b) in the amount of **$17333.90**.

**IT IS SO ORDERED**.

DATE: March 28, 2019

HON. MICHAEL M. ANELLO
United States District Judge